IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HAZEL CANCIO,

            Plaintiff,

v.

FINANCIAL CREDIT NETWORK, INC.; NATIONAL ELECTRONIC; and ALICIA SUNDSTROM, an individial,

            Defendant.

NO. C04-03755 TEH

**ORDER AWARDING ATTORNEYS' FEES AND COSTS**

      This matter came before the Court on Monday June 20, 2005 on Plaintiff's Motion for Award of Attorneys' Fees and Costs. After careful consideration of the parties' written and oral arguments, supporting documentation, and the record herein, the Court grants Plaintiff's Motion as set forth below.

**I.   BACKGROUND**

      Plaintiff, Hazel Cancio, brought this suit on September 7, 2004, alleging that defendants - Financial Credit Network ("FCN"), National Electronic and Alicia Sundstrom - employed unlawful debt collection practices against her and other classmembers in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA"). After limited discovery, on February 25, 2005 Plaintiff filed notice of acceptance of Defendant's Offer of Judgment, and on April 26 the Court entered an Amended judgment awarding Plaintiff $1,000 in statutory damages and directing Plaintiff to file a motion for fees and costs if the parties were not able to reach a compromise. Plaintiff now brings a Motion for Award of Attorneys' Fees and Costs.

## II. DISCUSSION

The FDCPA entitles a successful plaintiff to reasonable attorneys' fees as determined by the court. 15 U.S.C. § 1692k(a)(3). This Circuit determines the amount of the prevailing party's reasonable fees according to the "lodestar" method, in which an initial estimate of fees is obtained by multiplying the number of hours reasonably expended by counsel on the litigation by a reasonable hourly rate. *See Jordan v. Mulnomah County*, 185 F.2d 1258, 1262 (9th Cir. 1987)(citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). There is a "strong presumption" that this "lodestar" figure constitutes a reasonable attorneys' fee because most relevant considerations are subsumed within this intial calcuation. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 568, 564-65 (1986). Only in "rare" or "exceptional" cases will adjustment of the lodestar be appropriate. *Id*. at 565.

### A. Reasonable Hourly Rate

In assessing a reasonable hourly rate, courts should consider the prevailing market rate in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895-96 & n. 11 (1984); *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.")

#### 1. Prevailing Market Rate in the Community

Defendants first contend that the hourly rates sought by Plaintiff's counsel do not reflect the prevailing market rates for FDCPA litigation in the San Francisco Bay Area community. Defendants cite no precedent from the Ninth Circuit that provides authority regarding the prevailing market wages for such litigation in this area. Defendants instead cite the decisions in *In re Martinez,* 266 B.R. 523 (Bankr. S.D. Fla. 2001), *Cooper v. Sunshine Recoveries, Inc.,* 2001 WL 740765 (S.D.N.Y. 2001), and *Hagan v. MRS Assocs.*, 2001 WL 531119 (E.D. La. 2001) that awarded fees in FDCPA cases at hourly rates of $200 or less. All three cases are distinguishable on the basis of geographic disparity. The precedent in this

District points to a higher hourly rate for FDCPA litigation. In *Defenbaugh*, an FDCPA case of similar complexity to the case at bar, this District set the hourly rate of Mr. Bragg at $435. *Defenbaugh v. JBC & Asscs., Inc.,* 2004 WL 1874978 (N.D. Cal. 2004). In the notably more complex FDCPA *Irwin* case, this District set the hourly rate of counsel at $350 to $400. *Irwin v. Mascott*, No. C-97-4737 J, paragraph 1 (N.D. Cal. Sept. 11, 2002). These precedential decisions suggest that the hourly rate of attorneys in FDCPA litigation, both complex and non-complex, brought before this District Court is higher than in similar cases in the other locations identified by Defendants.[1]

### 2.  Skill, Experience and Reputation

An important factor in determining an attorney's hourly rate is his or her skill, experience and reputation within the legal field. This District has consistently set hourly rates in the range of $300 to $450 for attorneys that bring added value to the representation of their clients. *See Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1036 (N.D. Cal. 2003) (awarding attorney with 26 years experience an hourly rate of $450); *Oberfelder v. City of Petaluma*, 2002 U.S. Dist. LEXIS 8635 (N.D.Cal. 2002) (awarding attorney with 30 years experience an hourly rate of $400); *Freitag v. Cal. Dep't of Corrections*, No. C00-02278 (N.D.Cal. Oct. 17, 2003) (awarding an hourly rate of $425 for an attorney with 20 years experience). In the case at bar, both attorneys have significant experience in FDCPA cases and in consumer law. Mr. Berg was admitted to the bar in 1965 and has practiced consumer and bankruptcy law through his solo practice since 1966. Berg Decl.¶ 3. He has litigated over 20 FDCPA cases, in addition to numerous truth-in-lending and bankruptcy cases. Id. ¶ 9. In support of Mr. Berg's reputation and experience, he has submitted affidavits by consumer law attorneys Mark Chavez and James Sturdevant. Similarly, Mr. Bragg has been in practice for over thirty years. Bragg ¶ 2. After working at Legal Services Corporation-funded programs for over two decades, Mr.

---

[1] Defendants cite *Yahoo!, Inc.* to support their contention that the average market rate for a San Francisco area attorney is around $190. *Yahoo!, Inc. v. Net Games*, 329 F.Supp.2d 1179, 1189 (N.D. Cal 2004). In *Yahoo*, a trademark infringement case, the Court calculated an average market rate in the local legal community as a whole using public data from the United States Census Bureau and Bureau of Labor Statistics. *Id*. at 1189. The *Yahoo* case represents an alternative method for calculating a reasonable hourly rate based on general averages in the community before factoring in variables such as skill of the attorney or complexity of litigation. *Id*. at 1185-86. Indeed, the *Yahoo* Court noted that an attorney's hourly rate may increase where he can demonstrate efficiency in use of his time. *Id*. at 1186. Given the specific precedent of *Defenbaugh* and *Irwin*, this Court chooses to follow the specific rather general method of calculation.

3

Bragg has limited his work to representing individuals in consumer issues through his solo practice. Id. at ¶ 3-4. Mr. Bragg's hourly rate for FDCPA cases was recently set at $435 in this District. *See Defenbaugh*, 2004 WL 1874978. The expertise of both Mr. Berg and Mr. Bragg is reflected in their hourly rates.

### 3. Complexity of Litigation

Defendants also contend that the reasonable market rate should be adjusted based on the complexity of the specific case. Thus Defendants argue that, even if the prevailing rate by lawyers of similar skill, experience and reputation suggests a high hourly rate, the simplicity of this case should lead to a reasonable reduction. In support they cite the Findings and Recommendations Re: Attorney's Fees in *Finkelstein*, in which this District concluded that the appropriate way to determine the relevant market for attorneys' hourly rates is to assess the complexity of the case at bar, in addition to the interests implicated in it and the rates generally paid in federal court in cases of roughly comparable complexity and significance. *Finkelstein v. Bergna*, 804 F.Supp. 1235 (N.D.Cal. 1992) The case at bar was not procedurally complex. However, neither party has made a clear persuasive argument as to its legal and factual complexity. In addition, Defendant has made no showing that the rates generally paid in this District for FDCPA litigation have been reduced due to lack of complexity. As noted above, this District has recently set the hourly rate for FDCPA litigation of comparable complexity by attorneys of considerable skill, experience and reputation at $400-$435. *See Defenbaugh*, 2004 WL 1874978.

The affidavits presented by Mr. Berg and precedent set by this District supports an hourly rate for Mr. Berg of $345. In addition, in light of the precedent set through cases litigated by Mr. Bragg in this District, this Court sets Mr. Bragg's hourly rate at $435.

### B. Reasonable Number of Hours

A fee applicant has the burden of "documenting the appropriate hours expended." *Hensley*, 461 U.S. at 437. To this end, the applicant should exercise "sound billing judgment" regarding the number of hours worked, eliminating excessive, redundant, unproductive, or

4

unnecessary hours, and provide the district court with billing records supporting the time claimed. *Id*. at 433. Plaintiff's counsel is "not required to record in great detail how each minute of his time was expended," but should "identify the general subject matter of his time expenditures." *Id*. at 437 n. 12; *Fischer v. SJB P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) ("plaintiff's counsel can meet his burden -- although just barely -- by simply listing his hours and 'identify[ing] the general subject matter of his time expenditures'") (citation omitted). It is the burden of the party opposing the request to submit specific objections to the hours expended. *Gates v. Deukmejian*, 987 F.2d 1392, 1404 (9th Cir. 1992). "Conclusory and unsubstantiated objections are not sufficient to warrant a reduction in fees." *Lucas v. White*, 63 F. Supp. 2d 1046, 1057-58 (N.D. Cal. 1999).

Plaintiff seeks compensation for a total of 99.65 hours, including 87.45 hours for Mr. Berg and 12.2 hours for Mr. Bragg and staff. Mr. Berg states that he exercised billing judgment by reducing time spent on matters that exceeded what he believed to be reasonable and did not record time spent on insignificant matters related to the case. Berg Decl. ¶ 2. Defendants, however, contend that the amount of hours requested are excessive and duplicative particularly in light of similar pleadings filed by counsel in other cases. This was a procedurally simple case that involved one complaint and an additional unfiled amended complaint, one round of discovery, a case management conference and the Motion at bar. In addition, given the experience and skill of Plaintiff's counsel, a reasonable number of hours spent on the litigation should reflect an efficient use of counsels' time. *See Yahoo!, Inc.*, 329 F.Supp.2d at 1186. Accordingly, this Court reviews and reduces the amount of Plaintiff's requested hours to reflect a reasonable award.

### 1.     Time Spent Preparing and Filing the Complaint

Plaintiff claims a total of 22.2 hours to prepare and file the complaint. This includes 5.2 hours spent on research and review of law, 2.65 hours spent in telephone conferences, 0.8 hours spent on the *pro hac vice* for Mr. Bragg, 11.9 spent drafting and revising the complaint and 1.65 hours spent assembling and filing the complaint. Defendants argue that Plaintiff's request is unreasonable and excessive. Defendants point to the fact that Mr. Berg was already familiar with Plaintiff's financial situation in his role as her bankruptcy attorney, that both attorneys have litigated similar FDCPA claims and that the complaint filed is similar to

5

complaints filed by Plaintiff's attorneys in other FDCPA cases.  In terms of the time spent on research, Plaintiff has argued that the difficulty of determining the relationship between defendants and their identities for purposes of this lawsuit justifies the amount of time spent.  This Court finds Plaintiff's argument unpersuasive particularly in light of Plaintiff's failure to identify the correct defendants that in turn led to subsequent hours spent on the amended complaint.  In addition, Plaintiff provides no argument in defense of the hours spent drafting and filing the complaint, nor of the hours spent in teleconference.  Upon review of the record, and given this Court's experience, the amount of time requested for these tasks is indeed excessive and unreasonable.  For example, while the Court acknowledges the importance of overcoming a possible 12(b)(6) motion, one and a half days spent drafting and revising the complaint is not justified.  In addition, a comparison of the complaint in this case with those from previous cases show that, although some alterations were necessary to adapt the earlier complaint template, they did not justify 11.9 hours.  Further, Mr. Berg's affidavit demonstrates his ample experience with FDCPA law that should serve to inform and expedite his case preparation, and his previous representation of Ms. Cancio in her bankruptcy suit also alleviates the need for extensive client consultation and review of financial matters.  Finally, the hours spent on the *pro hac vice* application are not reasonably compensable. Thus, the Court finds a more reasonable time spent on the total of these tasks to be eight, rather than twenty-two, hours.

### 2. Time Spent on Case Management

Plaintiff claims a total of 17.65 hours related to case management, including time spent on the Rule 26 statement, ADR preparation and the Case Management Statement and Conference.  Plaintiff makes no showing of the necessity of the total number of expended hours.  Thus, given this Court's experience with case management, and acknowledgment of the experience of Plaintiff's counsel and the lack of excessive complexity of the case, this Court finds a total of seven hours to be a reasonable time accorded these tasks.

### 3. Time Spent on Discovery

Plaintiff claims a total of 13.85 hours spent on drafting discovery and reviewing defendants' responses.  Defendants contend that this number of hours is unreasonable in light of the similarity of the discovery requests in this case to other discovery requests propounded

in previous cases by Plaintiff's counsel.  In addition, Defendants contend that they should not be required to pay for the time spent in a discovery dispute initiated by Mr. Berg and allegedly unfounded in law.  This Court agrees that the number of hours spent by Plaintiff's counsel on discovery is unreasonable and excessive.  Although notably 3.7 hours of this time was delegated to Jim Smith, Mr. Bragg's third year law student, at a lower hourly rate, nonetheless the remaining 10.15 hours spent by Berg and Bragg is not justified by the work required.  Thus, this Court finds a total of eight hours spent on discovery to be reasonable, maintaining and including the 3.7 hours of work by Mr. Smith.

### 4.     Time Spent on First Amended Complaint

Plaintiffs claim a total of 5.85 hours spent on the First Amended Complaint arguing that the amended complaint was necessary both to amend the class-size from a statewide class to a class limited to the residents of Alameda and San Francisco, and to specifically identify defendant National Electronic.  The amended complaint was never filed, as Defendants filed a Rule 68 Offer of Judgment.  Defendants contend that the hours spent by Plaintiff's counsel on the amended complaint was excessive and unreasonable.  Defendants point to Plaintiff counsel's failure to identify the appropriate defendants before filing the original complaint.  Defendants also note that they could not stipulate to the amended complaint because, if liability was proven, the reduced class-size could subject FCN to multiple class-action lawsuits in California. As the case settled on behalf of an individual defendant before class certification, and the time spent at the outset of the lawsuit researching and drafting the complaint was sufficient to correctly identify defendants and class size, this Court finds it appropriate to deny any award of time spent on the First Amended Complaint.

### 5.     Time Spent On Acceptance of Rule 68 Offer and After Judgment

Plaintiff claims a total of 8.9 hours in acceptance of the Rule 68 Offer of Judgment and in submission of further dismissals and other documents with the Court.  Included in this total are 1.25 hours spent by Plaintiff in withdrawal and re-acceptance of the Offer.  Plaintiff argues that, due to concern that the Rule 68 offer was being used as a litigation tactic to induce settlement, extra time to review and confer was necessary.  The Court finds this argument unpersuasive.  Additionally, Plaintiff provides no explanation for the 3.55 hours spent on submission of documents following the acceptance of the Rule 68 offer.  The Court finds

these hours to be excessive and unreasonable and consequently reduces the total amount spent on acceptance of the Rule 68 Offer and legal work subsequent to judgment to one hour.

### 6.   Time Spent on Motion for Attorney's Fees

Plaintiffs seek compensation for the time spent in preparation and filing of this motion for a total of $9,312.00 in the following amounts: (1) Irvin Berg: 22.65 hours @ $390.00 per hour = $8833.50; (2) O. Randolph Bragg: 1.1 hours @ $435 per hour = $478.50.

This Circuit allows the recovery of attorney's fees for time spent preparing and filing a motion for attorney's fees and costs. *Jordan*, 815 F.2d at 1264; *Rosenfeld v. S. Pac. Co.*, 519 F.2d 527, 530 (9th Cir. 1975). However the hours must be reasonably expended to be compensable. *Jordan*, 815 F.2d at 1263; *see also Trichilo v. Sect'y of Health and Human Servs.*, 823 F.2d 702, 708 (2d Cir. 1987). Further, courts have "an obligation to scrutinize the hours spent preparing the fee petitions to insure that the total is reasonable and that it does not represent a windfall for the attorneys." *Farris v. Cox*, 508 F.Supp. 222, 226 (N.D. Cal. 1981). In this case, Plaintiff requests a total of 23.75 hours (over $9,000 in fees) in pursuit of $28,988.52 for work on the merits. Time spent pursuing "fees on fees" thus represents approximately 27 percent of the hours spent working on the entire case. The Court finds this amount to be excessive.

The issues raised by this fee application are neither novel nor complex. The litigation was limited in time and complexity as outlined above. Only three attorneys were actively involved in Plaintiff's case. In addition, the affidavits used to support Mr. Berg's hourly rate were duplicates of those used by counsel in a previously litigated case. Although the facts of the litigation were indeed particular, the structure of the Motion for attorney's fees was largely boilerplate. Accordingly, the Court finds a reduced award is appropriate for time billed on the Motion as follows: 1) Berg -- 22.65 hours reduced to 7.5 hours; 2) Bragg -- 1.1 hours to .3 hours.

### C.   Costs

Finally, Plaintiff claims $285.52 in costs. Defendants do not dispute this amount, which appears reasonable to the Court, and the Court therefore awards Plaintiff's requested costs in full.

8

**II.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Award of Attorneys' Fees and Costs is GRANTED IN PART and DENIED IN PART consistent with the above discussion. In particular, Defendants FCN, National Electronic and Alicia Sundstrom, shall pay Plaintiffs the following fees and costs within thirty days of the date of this Order:

| | | | |
|---|---|---|---|
| Irwin Berg | 25.2 | $345 per hour | $8,694.00 |
| O. Randolph Bragg | 2.3 | $435 per hour | $1,000.50 |
| Jim Smith | 4.3 | $110 per hour | $473.00 |
| Costs | | | $285.52 |
| Total | | | $10,453.02 |

**IT IS SO ORDERED.**

DATED 7/6/2005                      _____/s/_____

                                    THELTON E. HENDERSON, JUDGE

                                    UNITED STATES DISTRICT COURT